AO 472  (Rev. 3/86)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v

LEO WADE, a/k/a Leon Wade
_____/

CASE NO:  09-20209-02

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I find that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act//Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980.  The Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1)   There is a serious risk that the Defendant will not appear.

(2)   There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and argues initially that the presumption in favor of detention applies.  I concur with this argument as the Defendant faces more

than 10 years potential custody for violations of the Controlled Substances Act.  I must therefore consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142 (g).

As to the factors set forth in subsection (g)( 1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically heroin.  From the grand jury having returned an Indictment,  I find there is a definite weight of evidence, at least probable cause, supporting the charges against the Defendant.

As to §3142 (g)3), I find that the Defendant is 57 years of age and resides in Saginaw. Defendant has been unemployed since 2001, and is receiving Veterans' benefits on a monthly basis. The Defendant previously worked at a hotel in Saginaw for two years and for General Motors in Saginaw for eight years. The Defendant served two years in the United States Army, which included service in Vietnam.

At the time of his initial interview by Pretrial Services, the Defendant stated that since his service in Vietnam he has suffered from drug abuse, as well as post traumatic stress disorder.  The Defendant stated that he has been regularly hospitalized in a Veterans Hospital for those conditions. He conceded to Pretrial Services that he is a daily user of heroin, and that his last use was shortly before his arrest.  He told Pretrial Services that he cannot stop using heroin.  This fact appears to be corroborated by the Defendant's state Probation Officer, who advises that the Defendant was unable to stop using drugs for more than six months at a time while under state supervision.

In 1976, the Defendant pled guilty to misdemeanor charge of making false reports.  He was sentenced to a fine.  In 1978 he was charged with multiple offenses in Saginaw County and pled guilty to three counts of receiving and concealing stolen property, and three counts of using a financial transaction device without consent.  He was sentenced to five years in prison and was discharged in 1981.  Within a year of his discharge, the Defendant pled guilty to felony narcotics

delivery charges and was sentenced to 20 years in prison. He was discharged in 1990. The Government represents that Defendant was also convicted of felony charges in Indiana, however, these charges do not appear in the summary contained in the Pretrial Services report. In July 1987, Defendant was charged and pled guilty the next month to felony larceny in a building. He was sentenced to two to four years in prison and was discharged at the same date as the earlier controlled substances charge. The Pretrial Services Officer believes that this latter offense occurred while the Defendant was on parole. In 1995, Defendant pled guilty to operating an illegal business and was sentenced to community service. One month later he was charged with illegal gambling. He pled guilty and again was sentenced to community service. Two years later, Defendant was charged in Mount Pleasant with possession of narcotics under 25 grams. He pled guilty to misdemeanor use of a controlled substance and was sentenced to 12 months probation. In 2001, Defendant pled guilty to open intoxicants in a motor vehicle and was sentenced to time served. At essentially the same time, Defendant was charged in Saginaw with operating a vehicle under the influence and pled guilty in May 2001 to impaired driving. He was sentenced to 90 days in jail. In January 2008, Defendant was charged with possession of narcotics under 25 grams. He pled guilty to that charge and was sentenced in September 2008 to two years imprisonment. The Government represents that the conduct charged in the instant Indictment took place within days of his sentencing; thus, the Defendant would have been either on bond or awaiting sentence. The Government also represents that a search of the Defendant's home subsequent to a controlled purchase of narcotics by a confidential informant yielded 40 bindles of heroin and a pistol. The Government also represents that Defendant made various admissions relating to his use and sale of heroin. The Government also points out that there is an open bench warrant for Defendant, and that he has three failures to comply with prior judgments on traffic related offenses.

While Defendant's prior military service and the difficulties that have befallen many of those who served in Vietnam is understood, I cannot agree with defense counsel's characterization that Defendant is simply an addict and not a criminal.  This argument is conclusively belied by Defendant's criminal history.  Moreover, at least seven circuits and a number of district courts all have held that continued drug dealing constitutes a danger to the community.  *United States v. Milan*, 4 F.3d 1038, 1047 (2nd Cir. 1993); *United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 ((7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. De Leon*, 766 F.2d 77, 81 (2nd Cir. 1985); *United States v. Webb*, 238 F.3d 426, No. 00-6368, 2000 WL 1721060, * 1 (6th Cir. Nov. 6, 2000); *United States v. Kay*, 82 F.3d 415, No. 96-20058, 1996 WL 167512, *2 (5th Cir. Mar. 15, 1996) *United States v. Arroyo-Reyes*, 32 F.3d 561, No. 94-1535, 1994 WL 440654, *3 (1st Cir. (Puerto Rico) Aug. 15, 1994); *United States v. Pena-Ruiz*, 532 F. Supp. 2d 367, 369 (D. Puerto Rico, 2008); *United States v. Thomas*, No. 2008-0020, 2008 WL 2557997, *4, 2008 WL 2557997 (D. Vir. Isl. June 23, 2008); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, *2-3 (D. Kan. Mar. 26, 2008); *United States v. Hamlin*, No. 07-20274-03, 2007 WL 2225868, *2 (E.D. Mich. Aug. 1, 2007); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, *4 (D. Puerto Rico Dec. 4, 2007) *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, *5 (E.D. Pa. Apr. 9, 2002).  Therefore, as I review these facts under the guidelines set forth in the Bail Reform Act, I find that the presumption in favor of detention has not been rebutted on the evidence presented.  Even if it had, I find that there are no conditions nor any combination of conditions which would reasonably assure the safety of the community or the Defendant's appearance as required.   Therefore, the Government's motion to detain is granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                          s/ *Charles E. Binder*
                                          CHARLES E. BINDER
Dated: June 5, 2009                  United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz, and served on Paul Beggs, Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: June 5, 2009                      By    s/*Jean L. Broucek*
                                                      Case Manager to Magistrate Judge Binder